*AUSA Assigned: ALG*

*County of Investigation: Spokane*

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 24, 2026

SEAN F. McAVOY, CLERK

*In Re: Affidavit for Criminal Complaint charging Steven St. Peter with Escape in violation of 18 U.S.C. §§ 751, 4082(a).*

## AFFIDAVIT

STATE OF WASHINGTON     )

                                              ) ss

Spokane County                    )

I, Keegan Stanley, being first duly sworn on oath, do hereby depose and say:

## INTRODUCTION

1.     Your Affiant is a Criminal Investigator Deputy United States Marshal with the United States Marshals Service (USMS), United States Department of Justice, currently assigned to the U.S. Marshals Office in Spokane, Washington.  I have served as a Criminal Investigator Deputy U.S. Marshal for approximately 6 years total, the last approximately 3 years of which in the Eastern District of Washington.

2.     Your Affiant's regular duties as a Criminal Investigator Deputy U.S. Marshal encompass, among other tasks, the investigation of violations of federal law and related criminal activities, including but not limited to, offenses contained within Title 18 of the United States Code. I additionally assist with the movement of prisoners, court productions, judicial security; serve court-ordered summons and arrest warrants; and investigate and apprehend federal and state fugitives.

Affidavit of DUSM Stanley - 1

## APPLICABLE STATUTE

3.      18 U.S.C. § 4082(a) provides: "The willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to an institution or facility designated by the Attorney General, shall be deemed an escape from the custody of the Attorney General punishable as provided in chapter 35 of this title." "[T]he term 'facility' shall include a residential community treatment center." 18 U.S.C. § 4082(c).

4.      18 U.S.C. § 751 is within Chapter 35 of Title 18. 18 U.S.C. § 751(a) provides: "Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; or if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined under this title or imprisoned not more than one year, or both."

## STATEMENT OF PROBABLE CAUSE

5.      The following information is based on my observations, training, experience, and investigation. This affidavit is intended to show only that there is sufficient probable cause for the requested Complaint and does not set forth all of my knowledge about this matter.

Affidavit of DUSM Stanley - 2

6.      As part of your Affiant's duties as a Criminal Investigator Deputy United States Marshal, your Affiant is aware that on February 26, 2026, Steven ST. PETER was transferred from Federal Correctional Institution (FCI) Marianna to the Residential Reentry Center (RRC) at 3614 E Ferry Ave., Spokane, Washington. ST. PETER was serving the remainder of his prison sentence after being convicted in federal court of Abusive Sexual Contact, in court case number 2:13-CR-00018-WFN-1. ST. PETER, still in Bureau of Prisons custody, was to reside at the RRC until his proposed release date of October 26, 2026.

7.      As part of your Affiant's duties, your Affiant received and reviewed a Federal Bureau of Prisons Notice of Escaped Prisoner form advising that on April 22, 2026, ST. PETER left the RRC and did not return. According to the Notice of Escaped Prisoner form, on April 22, 2026, at 6:51 a.m. PST, ST. PETER signed out of the RRC to attend a trade program. ST. PETER was scheduled to return at 5:20 p.m. PST.    ST. PETER was signed out of the RRC to an authorized pass indicating to him he needed to return to the RRC by 5:20 p.m. PST on April 22, 2026. On April 22, 2026, at 6:51 p.m. PST, RRC Staff placed ST. PETER in Escape status.

8.      As part of your Affiant's duties, your Affiant also received and reviewed a statement provided by a Correctional System Specialist. According to that statement, RRC Staff contacted local hospitals and jails, but were unable to locate ST. PETER. Your Affiant is not aware of any point in time which ST. PETER has returned to the RRC since April 22, 2026, at 6:51 a.m. PST.

9.      The United States Marshals Service was contacted to investigate, locate and arrest ST. PETER. ST. PETER's whereabouts remain unknown and to date, your Affiant is not aware of any information to indicate ST. PETER's failure to return to the Residential Reentry Center was anything other than willful based on his continued flight from serving his court ordered sentence.

Affidavit of DUSM Stanley - 3

## CONCLUSION

10.    Based on the foregoing facts, your Affiant believes that probable cause exists for the issuance of a Criminal Complaint for Steven ST. PETER, for Escape, in violation of 18 U.S.C. §§ 751, 4082(a).

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

_____
*Keegan Stanley*
Keegan Stanley
Criminal Investigator Deputy USM
United States Marshals Service

Sworn to telephonically and signed electronically,

on this _____ day of April 2026.

_____
James A. Goeke
United States Magistrate Judge

Affidavit of DUSM Stanley - 4